1  JOSEPH A. HEATH, ESQ., Bar No. 125826
2  RENEE E. JENSEN, ESQ., Bar No. 206967
   FORD, WALKER, HAGGERTY & BEHAR
3  One World Trade Center
4  Twenty-Seventh Floor
   Long Beach, California 90831-2700
5  (562) 983-2500

6
   RAYMOND G. FORTNER, JR., County Counsel
7  RICHARD K. MASON, Assistant County Counsel
   DORRAINE MEYER, Deputy County Counsel
8  State Bar No. 194601
9  648 Kenneth Hahn Hall of Administration
   500 W. Temple Street
10 Los Angeles, California 90012-2713
   Telephone: (213) 974-1925; Facsimile: (213) 680-2165
11

12 Attorneys for Defendants, LOS ANGELES
   COUNTY DEPARTMENT OF HEALTH,
13 KATHLEEN KAUFMAN, and STEPHEN
14 DOERFLER

15
                    UNITED STATES DISTRICT COURT
16
                   CENTRAL DISTRICT OF CALIFORNIA
17

18
   PRESERVATION AVIATION, INC.; JEFFREY )  Case No. SA CV 07-1219 SJO (AJWx)
19 PEARSON and ANN PEARSON,              )
                                         )
20      Plaintiffs,                      )  ANSWER AND AFFIRMATIVE DEFENSES
                                         )
21      vs.                              )
                                         )
22 UNITED STATES OF AMERICA;             )
   ENVIRONMENTAL PROTECTION              )
23 AGENCY; ROBERT WISE; JOHN JAROS;      )
   GREG DEMPSEY; RICHARD MARTYN;         )
24 CALIFORNIA DEPARTMENT OF HEALTH,      )
   RADIOLIGICAL BRANCH; ROBERT           )
25 GREGER PAUL BALDENWIG; LOS            )
   ANGELES COUNTY DEPARTMENT OF          )
26 HEALTH; KATHLEEN KAUFMAN; and         )
   STEPHEN DOERFLER,                     )
27                                       )
        Defendants.                      )
28                                       )

                                    1

                          ANSWER TO COMPLAINT

Defendants LOS ANGELES COUNTY DEPARTMENT OF HEALTH (hereafter "County"), KATHLEEN KAUFMAN, and STEPHEN DOERFLER, by and through the undersigned attorneys, answer the Complaint and assert affirmative defenses as follows:

## ANSWER

1. Defendants County, Kaufman and Doerfler admit that Plaintiffs attempt to base subject matter jurisdiction on 28 U.S.C. §1331, 28 U.S.C. §1346, and 42 U.S.C. §1988, but these answering defendants lack sufficient information and belief to admit that plaintiffs have met the requirements of one or more claims statutes, and all conditions precedent or that plaintiffs have satisfied all conditions precedent to filing suit and, based thereon, deny that said requirements have been met except that these answering defendants admit that plaintiffs have met the requirement of presenting a claim pursuant to California's Tort Claims Act to the County of Los Angeles.

2. In responding to the allegations in paragraph 2, Defendants County, Kaufman and Doerfler have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that Defendants County, Kaufman and Doerfler are informed and believe and, based thereon, admit that employees of the Environmental Protection Agency ("EPA") are required to enforce federal environmental laws according to the requirements of the law and in a manner that is appropriate,

3. In responding to the allegations in paragraph 3, Defendants County, Kaufman and Doerfler have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that Defendants County, Kaufman and Doerfler are informed and believe and, based thereon, admit that Defendant CALIFORNIA DEPARTMENT OF HEALTH, RADIOLOGICAL BRANCH is required to enforce the

Environmental laws of the State of California evenhandedly, fairly, and in good faith and for proper and appropriate purposes, as delegated to the states by the United State of America.

4. In responding to the allegations of paragraph 4, these answering defendants admit each and every allegation contained therein.

5. In responding to the allegations of paragraph 5, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein.

6. In responding to the allegations of paragraph 6, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein.

7. In responding to the allegations of paragraph 7, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that these answering defendants lack information and belief as to each and every remaining allegation in paragraph 7 and, based thereon, deny each such allegation.

8. In responding to the allegations of paragraph 8, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that these answering defendants admit that Preservation Aviation purchased the Penn Air inventory and assumed the lease at 5543 Riverton Avenue, North Hollywood, California on August 19, 1996 and that Jeffrey Pearson moved some of the inventory to hanger facilities located at Chino Airport in Chino, California. In addition, these answering defendants are informed and believe and, based thereon, admit that the inventory

acquired by Preservation Aviation included surplus military aircraft instruments and other components that Pen Air itself acquired directly from the U.S. Government in military surplus sales.

9. In responding to the allegations of paragraph 9, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that these answering defendants specifically admit that states may license aircraft instruments containing radium.

10. In responding to the allegations of paragraph 10 on page 6, lines 2-22, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein except that these answering defendants are informed and believe and, based thereon, admit that the federal government sold radium-dial instruments and components in military surplus sales after World War II through the 1980s and that radium-dial instruments could be purchased through companies such as Pen Air.

11. In responding to the allegations of paragraph 10 on page 6, lines 23-28, and page 7, lines1-4, these answering defendants deny each and every allegation contained therein insofar as said allegations relate to these answering defendants. With regard to the allegations against any other defendant named or referred to therein, these answering defendants have no information and belief on the subject sufficient to answer said allegations and based thereon, deny each and every allegation contained therein except that these answering defendants are informed and believe and, based thereon, admit that the EPA removed inventory for off-site disposal because plaintiffs' inventory posed a threat to human health and the environment.

12. In responding to the allegations of paragraph 11, these answering defendants deny each and every allegation contained therein insofar as said allegations relate to these answering

defendants. With regard to the allegations against any other defendants named or referred to therein, these answering defendants have no information and belief on the subject sufficient to answer said allegations and based thereon, deny each and every allegation therein.

13. In responding to the allegations of paragraph 12, with regard to the allegations against any other defendant named or referred to therein, these answering defendants have no information and belief on the subject matter sufficient to answer said allegations and based thereon, deny each and every allegation contained therein. As to the allegations against these answering defendants, these answering defendants admit that plaintiff was advised that a license was necessary and that he should obtain such a license. These answering defendants also admit that they advised the EPA that plaintiff had been advised to obtain the license.

14. In responding to the allegations of paragraph 13, with regard to the allegations against any other defendant named or referred to therein, these answering defendants have no information and belief on the subject matter sufficient to answer said allegations and based thereon, deny each and every allegation contained therein.

15. In responding to the allegations of paragraph 14, these answering defendants deny that their actions were arbitrary, capricious, in bad faith and on occasion fraudulent. With regard to the allegations against any other defendants named or referred to therein, these answering defendants have no information and belief on the subject sufficient to answer said allegations and based thereon, deny each and every allegation therein.

16. In responding to the allegations of paragraph 15, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein.

17. In responding to the allegations of paragraph 16, these answering defendants deny each and every allegation contained therein.

18. In responding to the allegations of paragraph 17, these answering defendants deny each and every allegation contained therein.

19. In responding to the allegations of paragraph 18, these answering defendants deny each and every allegation contained therein.

20. In responding to the allegations of paragraph 19, these answering defendants have no information and belief on the subject of whether plaintiffs Jeffrey and Ann Pearson have suffered mental and emotional distress, anger, anxiety, worry, shame, humiliation, loss of self-esteem, mortification and chagrin and based, thereon, denies such allegations. These answering defendants deny each and every other allegation contained in paragraph 19.

21. In responding to the allegations of paragraph 20, these answering defendants admit that plaintiffs have retained the services of an attorney, but lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding any fees paid by Plaintiffs, and based on such lack of information and belief, denies each and every such allegation. These answering defendants deny the remaining allegations of paragraph 20.

22. In responding to the allegations of paragraph 21, these answering defendants deny each and every allegation contained therein.

23. These answering defendants repeat and reallege the responses to paragraphs 1 through 21 as though fully set forth herein.

24. In responding to the allegations of paragraph 23, these answering defendants deny each and every allegation contained therein.

25. In responding to the allegations of paragraph 24, these answering defendants deny each and every allegation contained therein.

26. These answering defendants repeat and reallege the responses to paragraphs 1 through 21 as though fully set forth herein.

27. In responding to the allegations of paragraph 26, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein.

28. In responding to the allegations of paragraph 27, these answering defendants have no information and belief on the subject sufficient to answer said allegations, and based thereon, deny each and every allegation contained therein.

## FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

29. Plaintiffs' Complaint herein does not state facts sufficient to state a claim against these answering defendants upon which relief can be granted.

## FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

30. Plaintiffs' Complaint is barred in whole or in part because Defendants acted in accordance with their legislative mandate and have performed all duties required to be performed properly.

## FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

31. California Evidence Code §664 creates a presumption that the County has performed all statutory duties as required by law.

///
///

## FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

32. The Complaint is barred in whole or in part by plaintiffs' unclean hands, because facts represented by plaintiffs in the Complaint as complete and true facts, are incomplete facts or misrepresentations of facts, or both.

## FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

33. The plaintiffs' recovery from these answering defendants is barred by the 11th Amendment to the United States Constitution as these answering defendants were at all times mentioned in the Complaint acting on behalf of an arm of the State of California.

## FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

34. The plaintiffs' recovery for common law tort liability from these answering individual defendants is barred by the immunities conferred by California Government Code, §820.2.

## FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

35. Plaintiffs' recovery for common law tort liability from these answering defendants is barred by the provisions of Health & Safety Code, §114705, et seq.

## FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

36. Plaintiffs' recovery of punitive damages in connection with common law tort liability from these answering defendants is barred by Government Code, §818.

## FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

37. Plaintiffs' recovery of damages for personal injury under one or more theories of common law liability from these answering defendants is barred by the provisions of Code of Civil Procedure § 335.1.

///

FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

38. Plaintiffs' recovery from these answering defendants for liability arising from the common law is barred by Government Code, §815.2.

FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

39. Plaintiffs' recovery from these answering individual defendants for liability arising from the common law is barred by Government Code, §820.6 as these answering individual defendants were at all times acting in good faith, without malice and under the apparent color and authority of law.

FOR A TWELVTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

40. Plaintiffs' recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §820.8.

FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

41. Plaintiffs' recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §820.9.

FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

42. Plaintiffs' recovery from these answering defendants for liability arising from the common law is barred by the provisions of Government Code, §818.6.

FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:

43. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §820.4.

///

///

ANSWER TO COMPLAINT

## FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

44. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §821.2.

## FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

45. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §821.4.

## FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

46. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §821.6.

## FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

47. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §821.8.

## FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

48. Plaintiff's recovery from these answering individual defendants for liability arising from the common law is barred by the provisions of Government Code, §822.2.

## FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

49. The provisions of Government Code, §§818.2 and 821 bar plaintiff's recovery from these answering defendants for liability arising from the common law.

## FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

50. The imposition or imputation of 42 U.S.C. §1983 liability upon this answering governmental entity is unavailable based solely upon principles of respondeat superior.

FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

51. The claims and facts alleged do not comport with the requirements of Civil Code Sec. 3294 to impose punitive damages against these answering defendants.

FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

52. Plaintiffs have failed to allege the required elements for civil conspiracy against these answering defendants.

FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

53. Plaintiffs' recovery against these answering defendants is barred for failure to timely commence suit pursuant to California Government Code §945.6.

FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

54. Plaintiffs' claims are barred by the Statutes of Limitations.

WHEREFORE, these defendants pray that judgment be rendered for these answering defendants, the Complaint be dismissed, plaintiffs take nothing by reason of their action, and that these defendants be awarded their costs herein incurred and such other and further relief as the Court may deem just and proper.

Dated: November 17, 2008           FORD, WALKER, HAGGERTY & BEHAR

BY: _____/S/_____
JOSEPH A. HEATH
RENEE E. JENSEN
Attorneys for Defendants,
LOS ANGELES COUNTY DEPARTMENT
OF HEALTH, KATHLEEN KAUFMAN,
and STEPHEN DOERFLER