EDMUND G. BROWN JR., Attorney General
of the State of California
JENNIFER M. KIM
Supervising Deputy Attorney General
ERIC BATES, State Bar No. 170444
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-2457
Facsimile: (213) 897-2805
Email: Eric.Bates@doj.ca.gov

Attorneys for Defendants
California Department of Public Health,[1/]
Robert Greger, Paul Baldenwig

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION AVIATION, INC; JEFFREY PEARSON and ANN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; ENVIRONMENTAL PROTECTION AGENCY; ROBERT WISE; JOHN JAROS; GREG DEMPSEY; RICHARD MARTYN; CALIFORNIA DEPARTMENT OF HEALTH, RADIOLOGICAL BRANCH; ROBERT GREGER; PAUL BALDENWIG; LOS ANGELES COUNTY DEPARTMENT OF HEALTH; KATHLEEN KAUFMAN; and STEPHEN DOERFLER,<br><br>Defendant. | SA CV 07-1219 SJO (AJWx)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

1. Defendant California Department of Public Health answers this complaint on behalf of the California Department of Public Health, erroneously named as the California Department of Health, Radiological Branch.

EDMUND G. BROWN JR., Attorney General
of the State of California
JENNIFER M. KIM
Supervising Deputy Attorney General
ERIC BATES, State Bar No. 170444
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-2457
Facsimile: (213) 897-2805
Email: Eric.Bates@doj.ca.gov

Attorneys for Defendant
California Department of Public Health,
Robert Greger, Paul Baldenwig.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION AVIATION, INC; JEFFREY PEARSON and ANN PEARSON,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; ENVIRONMENTAL PROTECTION AGENCY; ROBERT WISE; JOHN JAROS; GREG DEMPSEY; RICHARD MARTYN; CALIFORNIA DEPARTMENT OF HEALTH, RADIOLOGICAL BRANCH; ROBERT GREGER; PAUL BALDENWIG; LOS ANGELES COUNTY DEPARTMENT OF HEALTH; KATHLEEN KAUFMAN; and STEPHEN DOERFLER,<br><br>　　　　　　　　Defendants. | DEFENDANTS' ANSWER TO COMPLAINT |

COMES NOW DEFENDANTS, California Department of Public Health, Robert Greger and Paul Baldenwig (hereinafter "defendants"), and in response to the Civil

---

1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Defendants' Answer

Rights Complaint pursuant to 42 U.S.C. Section 1983 (hereinafter "Complaint") admit, deny and affirmatively allege as follows:

1. Answering paragraph 1 of the Complaint, defendants deny that this Court has jurisdiction over this civil rights action under 42 U.S.C. section 1983, and 28 U.S.C. section 1343, respectively, based on the improper service of the Complaint on defendants.

2. Answering paragraph 2 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

3. Answering paragraph 3 of the Complaint, defendants deny the allegations.

4. Answering paragraph 4 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

5. Answering paragraph 5 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

6. Answering paragraph 6 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

7. Answering paragraph 7 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation, except the answering defendants admit that instruments believed to contain radium were removed from a warehouse which was later leased for use as a motorcycle business.

8. Answering paragraph 8 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

9. Answering paragraph 9 of the Complaint, defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

10. Answering paragraph 10 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

11. Answering paragraph 10 (listed again in error) of the Complaint, defendants deny the allegations.

12. Answering paragraph 11 of the Complaint, defendants deny the allegations.

13. Answering paragraph 12 of the Complaint, defendants deny the allegations except that the answering defendants admit that correspondence was sent to Plaintiff Pearson informing him of acceptable courses of action regarding Plaintiff Pearson's possession of non-intact radium gauges and radium contamination.

14. Answering paragraph 13 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiffs' allegation.

15. Answering paragraph 14 of the Complaint, defendants deny the allegations.

16. Answering paragraph 15 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of plaintiff's allegation.

17. Answering paragraph 16 of the Complaint, defendants deny the allegations.

18. Answering paragraph 17 of the Complaint, defendants deny the allegations.

19. Answering paragraph 18 of the Complaint, defendants deny the allegations.

20. Answering paragraph 19 of the Complaint, defendants deny the allegations.

21. Answering paragraph 20 of the Complaint, defendants deny the allegations.

22. Answering paragraph 21 of the Complaint, defendants deny the allegations.

23. Answering paragraph 23 of the Complaint, defendants deny the allegations.

24. Answering paragraph 24 of the Complaint, defendants deny the allegations.

### First Affirmative Defense

Defendants assert that plaintiffs' complaint fails to state facts sufficient to state a claim for which relief can be granted against the answering defendants.

### Second Affirmative Defense

Defendants assert that this Court lacks jurisdiction based on plaintiffs failing to properly serve the summons and complaint as required by Federal Rule of Civil Procedure 4(j)(2).

### Third Affirmative Defense

Defendants assert that plaintiffs have failed to state the requisite facts to establish that defendants conspired against plaintiffs.

### Fourth Affirmative Defense

Defendants assert that plaintiffs' complaint is barred by the 11th Amendment to the United States Constitution.

### Fifth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §815.

### Sixth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §815.20.

### Seventh Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §818.

### Eighth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code, §818.6.

//
//

### Ninth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.2.

### Tenth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.4.

### Eleventh Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.6.

### Twelfth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.8.

### Thirteenth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.9.

### Fourteenth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §820.21.

### Fifteenth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §821.2.

### Sixteenth Affirmative Defense

Defendants assert that plaintiffs' recovery is barred based on defendants' immunity as provided by California Government Code §821.6.

### Seventeenth Affirmative Defense

Defendants assert that recovery by plaintiff based on its 42.U.S.C. §1983 action based on the principles of respondeat superior is barred.

Eighteenth Affirmative Defense

Defendants assert that plaintiffs' recovery of punitive damages is barred based on California Civil Code §3294.

Nineteenth Affirmative Defense

Defendants assert that plaintiffs' recovery against each answering defendant is barred based on qualified immunity.

WHEREFORE, the answering defendants pray that judgment be rendered in their favor, the Complaint be dismissed, and plaintiffs take nothing by reason of their action. Furthermore, that the answering defendants be awarded cost incurred herein, and any other relief that this Court deems just and proper.

Dated: November 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR., Attorney General
of the State of California

JENNIFER M. KIM
Supervising Deputy Attorney General

ERIC D. BATES
Deputy Attorney General

Attorneys for Defendants
California Department of Public Health, Robert Greger and Paul Baldenwig

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Preservation Aviation, Inc. Jeffrey Pearson and Ann Pearson, v. UNITED STATES OF AMERICA; ENVIRONMENTAL PROTECTION AGENCY; ROBERT WISE; et al.,**

No.:   SA CV 07-1219 SJO (AJWx)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013.

On **November 26, 2008**, I served the attached **DEFENDANTS' ANSWER TO COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

**Louis G. Fazzi, Esq.**
**222 N. Mountain Ave., Suite 108**
**Upland, CA 91786**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 26, 2008**, at Los Angeles, California.

_____                    _____
        Martha Ochoa                                           Signature
          Declarant

50346523.wpd